**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Weymouth and Andrea R. Weymouth, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>Arizona Department of Liquor Licenses and Control; Alan Everett, Director of Liquor Licenses and Control; Jane Doe Everett; Ruben Ribera, State Liquor Investigator; Jane Doe Ribera; Mary Maldenado, State Liquor Investigator; John Doe Maldenado; Wes Kuhl, State Liquor Special Investigator Sergeant; Jane Doe Kuhl; Joe Vernier, Deputy Director of Liquor License and Control; Jane Doe Vernier; State of Arizona, as a State Government entity; Does 1-100,<br><br>Defendants. | No. CV-12-979-PHX-GMS<br><br>**ORDER** |

Pending before the Court is a Motion to Dismiss filed by all Defendants to this action (Doc. 3). For the reasons stated below, the Defendants' motion is **GRANTED**. The Plaintiffs, however, will have leave to amend.

**BACKGROUND**

Plaintiffs pro se, Brian and Andrea R. Weymouth, bring suit against the Defendants over a February 1, 2011 raid of the Weymouths' private residence and a commercial storage facility located in Mesa, and Mr. Weymouth's subsequent

indictment, arrest and detention. (Doc. 1, Ex. 3 ¶¶ 42, 46–51, 57, 60–62). The Weymouths allege that the Maricopa County Sherriff's Office ("MSCO"), led by Brian O'Connor, conducted the raid in retaliation for actions taken in what appears to be a separate dispute between the Weymouths and O'Connor. (*Id.*) As a result of the raid, the Weymouths' property was confiscated but later returned. (*Id.* ¶ 43). After the raid, the County convened a grand jury to consider the possibility of charges against Mr. Weymouth arising out of the information obtained in the raid. (*Id.* ¶¶ 44-47.) The Weymouths allege that Maryanne McKessy of the Maricopa County Attorney's Office ("MCAO") and Brian Mackiewicz of the MCSO concealed information from the grand jury, which resulted in an indictment of Mr. Weymouth. (*Id.* ¶ 47). Mr. Weymouth was then arrested "in front of his home and neighbors." (*Id.* ¶ 56). The Weymouths assert that O'Connor sent Mr. Weymouth's "mug shot to any and all known . . . business contacts, friends and others" in order to humiliate him. (*Id.* ¶ 56, 49). Over the course of the next few days, the Weymouths allege that O'Connor used the powers of his position with the MSCO to further humiliate Mr. Weymouth during the booking process. (*Id.* ¶¶ 59-62.) O'Connor, MCSO, MCAO, McKessy, and Mackiewicz are not among the defendants to this action.

The Weymouths filed their complaint in Arizona Superior Court on February 6, 2012, asserting 19 claims for relief against the Defendants. (Doc. 1, Exs. 2-3.) Defendants removed the case to this Court on May 9, 2012 because of the Weymouths' § 1983 claims. (Doc. 1.) The Defendants filed their Motion to Dismiss (Doc. 3) on May 21, 2012.

**DISCUSSION**

Defendants assert two grounds to support their Motion to Dismiss: (1) that the Weymouths' Complaint alleges no set of specific facts against the State or the individual State employees named as defendants, and (2) that the Weymouths failed to comply with

Arizona's Notice of Claim statute, Arizona Revised Statutes ("A.R.S") § 12-821.01.[1]

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When a complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief." *Id.* at 679 (internal quotation omitted).

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

A review of the Complaint shows that it does not assert that the named Defendants engaged in any of the wrongdoing alleged. With the exception of the few non-substantive

---

[1] Defendants have conceded that their statute of limitations defense raises a factual question not appropriate on a motion to dismiss. (Doc. 10 at 2.)

- 3 -

paragraphs that address the identity of the parties (Doc. 1, Ex. 3 ¶¶ 3-15), the Complaint details a lengthy list of abuses apparently committed not by the Defendants, but by O'Connor, MCSO, MCAO, McKessy, and Mackiewicz, none of whom are defendants in this action. The state of Arizona, the Arizona Department of Liquor Licenses and Control, its Director, Deputy Director, and Inspectors are not alleged to have participated in any of the actions described in the Complaint. While in the portion of the Complaint that contains the assertions supporting the various claims for relief the Weymouths do allege that the "Defendants" committed these actions, the actions referenced are those purportedly committed by the MCSO, MCAO and its officers. The state of Arizona and Maricopa County are separate legal entities. *See* Ariz. Const. art. XII; A.R.S. Title 11. Because the Weymouths have failed to allege any facts that support their claims for relief against any of the Defendants to this action, they have failed to state a claim under Rule 12(b)(6).

The Weymouths have asked for opportunity to amend their complaint to cure any deficiency. (Doc. 9 at 3.) Defendants object with regard to the state law claims because of the Weymouths' failure to comply with the Arizona Notice of Claim statute. Defendants insist that providing the Weymouths with an opportunity to amend their complaint to restate the state law claims would be futile and would "frustrate the purpose of the Notice of Claim law." (Doc. 10 at 3.) Consideration of the Notice of Claim issue entails making factual determinations from matter outside the pleadings that would convert the instant 12(b)(6) motion into a motion for summary judgment. Fed. R. Civ. P. 12(d). "'When the district court transforms a dismissal into a summary judgment proceeding, it must inform a plaintiff who is proceeding pro se that it is considering more than the pleadings and must afford a reasonable opportunity to present all pertinent material.'" *Anderson v. Angelone*, 86 F.3d 932, 934-35 (9th Cir. 1996) (quoting *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995)). Here, the Weymouths are proceeding pro se and the Defendants have prevailed on their motion to dismiss all claims. In light of the successful

motion and Ninth Circuit's instruction not to convert the motion to dismiss into a summary judgment against a pro se litigant, the Court declines to address the Notice of Claims issue at this stage.

When this case was transferred to this Court, it issued an order directing the parties to meet and confer prior to filing any motion to dismiss to determine whether any defect could be cured by amendment. (Doc. 8.) Because the instant motion was filed before the transfer and subsequent order, the Court will proceed to grant the Defendants' motion while providing the Weymouths with an opportunity to amend their complaint.

Insofar as amendment is concerned, the Weymouths are directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides, in pertinent part:

A pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a). Rule 8(e) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1).

The Weymouths are advised that they must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. In preparing an amended complaint, the Weymouths should consult Federal Rule of Civil Procedure 84 and the "Appendix of Forms" referenced therein because such forms "are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

If the Weymouths fail to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by the Defendants (Doc. 3) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs shall have **thirty (30) days** from the date of this Order in which to file a First Amended Complaint. Should Plaintiffs fail to file a First Amended Complaint within that time, the Clerk of Court is directed to terminate this matter.

Dated this 21st day of September, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge